JS-6

VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (State Bar No. 111536
AMY PARIGI (State Bar No. 261948))
RYAN BRICKER (State Bar No. 269100)
PAYMANEH PARHAMI (State Bar No. 335604)
209 Kearny Street, Third Floor
San Francisco, California 94108
Telephone:   (415) 534-0495
Facsimile:   (270) 518-5974
Email:   greg.gilchrist@versolaw.com
         amy.parigi@versolaw.com
         ryan.bricker@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>TIMOTHY KRANZ DBA OOFPUPPY,<br><br>            Defendant. | Case No. 22-cv-02827-FMO (MAA)<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Patagonia, Inc. ("Patagonia") has filed a Complaint alleging trademark infringement, trademark dilution, and unfair competition under federal and state law; copyright infringement under federal law; and breach of contract under state law against defendant Timothy Kranz dba Oofpuppy ("Kranz"). Patagonia alleges that Kranz has produced, marketed, sold, and distributed products, including shirts, hats, and stickers, bearing designs and logos that are similar to those of Patagonia's trademarks.

Kranz has consented to entry of judgment and a permanent injunction in exchange for a negotiated release, executed separately by the parties.

STIPULATED INJUNCTION
CASE NO. Case No. 22-cv-02827-FMO (MAA)

- 1 -

The Court now enters final judgment based upon the following undisputed facts. Each party has waived the right to appeal from this final judgment, and each party will bear its own fees and costs in connection with this action.

## I. FACTS AND CONCLUSIONS

A. This Court has subject matter jurisdiction over this lawsuit including because it includes federal claims under the Lanham Act. For the limited purposes of entering this judgment and injunction, and any enforcement of the same, Kranz consents to this Court's exercise of personal jurisdiction over him and does not contest venue.

B. Patagonia owns numerous registrations for the PATAGONIA trademark, and for its distinctive logo depicting the Mt. Fitz Roy skyline (the "P-6 logo"), for a wide-ranging assortment of products. Among these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / February 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear. | 08/1974 |
| patagonia (logo) | 1294523 / September 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
| Mt. Fitz Roy skyline (logo) | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| patagonia (logo) | 1775623/ June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| **PATAGONIA** | 1811334/ December 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and ski gloves | 08/1990 |
| **PATAGONIA** | 2260188/ July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |
| **PATAGONIA.COM** | 2392685/ October 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; Computer services in the nature of on-line information related to the environment and clothing | 10/1995 |
| **PATAGONIA** | 2662619/ December 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |

These registrations are in full force and effect, and have become incontestable under 15 U.S.C. § 1065. Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks." Patagonia also owns a registered copyright (Registration No. VA 1-

801-788) for the P-6 logo design. A color image of the P-6 logo design follows:



C. Kranz has promoted, offered for sale, and sold products bearing a logo similar to that of the Patagonia Trademarks (the "Oofward Designs"). Kranz earned $1,860 through sales of such products, of which $718 constituted profit. Examples of the products include the following:

| No. | Infringing Designs |
|---|---|
| 1 |  |

| | |
|---|---|
| 2 | |
| 3 | |

STIPULATED INJUNCTION
CASE NO. Case No. 22-cv-02827-FMO (MAA)

- 5 -



| 4 | |
| --- | --- |
| 5 | |
| 6 | |

## II. FINAL JUDGMENT, PERMANENT INJUNCTION, AND AWARD

It is hereby ordered and adjudged as follows:

A.  Judgment is entered in favor of Patagonia against Kranz.  Kranz shall be liable to Patagonia in the amount of $1,860.00.  Except as provided below, Patagonia waives any right to seek costs or fees in connection with this action that may be available from any source of law, including (without limitation) Fed. R. Civ. P. 4(d)(2) and the Lanham Act (e.g., 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c)).

B.  Commencing as of the "So Ordered" date of this Final Judgment and

Permanent Injunction, Kranz, his agents, employees, attorneys, successors, assigns, affiliates, joint ventures, and any person(s) in active concert or participation with him, and/or any person(s) acting for, with, by, through, or under Kranz's control, who receive(s) actual notice of this Order, are hereby permanently enjoined and restrained, anywhere in the world, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

    1.    Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that bear the Oofward Designs;

    2.    Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia;

    3.    Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Kranz or his products or services with Patagonia, or as to the origin of Kranz's goods and services (as it relates to Patagonia), or any false designation of origin, false or misleading description of representation of fact, or any false or misleading advertising (again, as it relates to Patagonia);

    4.    Infringing the rights of Patagonia in and to its PATAGONIA trademarks or otherwise damaging Patagonia's goodwill or business reputation;

    5.    Infringing Patagonia's copyright rights, including its rights in the P-6 logo design, or otherwise infringing any of Patagonia's rights under the Copyright Act and any other source of federal or state copyright law;

    6.    Otherwise competing unfairly with Patagonia in any manner; and

    7.    Assisting, aiding or abetting any person or entity engaging in or performing any act prohibited by this injunction.

1    C.   This is a final judgment as to all claims asserted against Kranz related to producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting products bearing the Oofward Designs sold prior to the date of entry of this Final Judgment and Permanent Injunction. Both parties shall bear their own costs and (except as provided below) fees.

D.   If either party commences an action to enforce this Judgment, the prevailing party shall be awarded reasonable attorneys' fees and costs from the other party for both the action enforcing this Judgment and the underlying litigation.

Dated: September 23, 2022

/s/
_____
Hon. Fernando M. Olguin
United States District Judge